PROB 12B  
(7/93)

Report Date: August 26, 2009

## United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 3 1 2009

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Nakia Shane Burland          Case Number: 2:00CR00010-01 & 2:00CR00053-1

Name of Sentencing Judicial Officer:  The Honorable Robert H. Whaley, Senior U.S. District Judge

Date of Original Sentence: 10/4/2001          Type of Supervision: Supervised Release

Original Offense: Conspiracy to Receive and Pass Counterfeit Obligation of the U.S., 18 U.S.C. § 371; Importation of a Controlled Substance, 21 U.S.C. § 952          Date Supervision Commenced: 6/3/2005

Original Sentence: Prison - 46 Months; TSR - 60 Months          Date Supervision Expires: 6/2/2010

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

19    You shall reside in a residential reentry center for a period of up to 120 days. This placement may include a prerelease component, day reporting, and home confinement (with or without electronic monitoring, but not to include GPS) at the directions of the CCM and USPO. You shall abide by the rules and requirements of the facility. You shall remain at the facility until discharged by the Court.

20    You shall complete a mental health evaluation and follow any treatment recommendations. You shall allow reciprocal release of information between the supervising probation officer and treatment provider. You shall contribute to the cost of treatment according to your ability.

## CAUSE

Nakia Burland violated the conditions of his supervised release by failing to appear for urine testing as directed on August 20 or 21, 2009; consuming methamphetamine on or about August 24, 2009, and failing to pay toward legal financial obligation for 5 consecutive months (April - August 2009).

On August 18, 2009, Nakia Burland was instructed to appear in the U.S. Probation Office in Spokane, Washington, on August 20 or 21, 2009, for a random urine test. Mr. Burland notified Matt Thompson, U.S. probation officer, that he could not appear due to his work schedule.

It is noted, the offender was given permission to maintain employment in the District of Idaho since April 2009. As a result of Mr. Burland's failure to avail himself for urinalysis testing at the U.S. Probation Office in Spokane,

Washington, he was directed to appear in the U.S. Probation Office in Moscow, Idaho. On August 24, 2009, Mr. Burland reported as directed to the U.S. Probation Office in Moscow, Idaho, and submitted a urine specimen which revealed positive results for methamphetamine. Consequently, the sample was forwarded to the laboratory for confirmation.

Mr. Burland's adjustment to supervision is considered poor. On August 25, 2009, the offender was summoned to the U.S. Probation Office in Spokane, Washington, to address the reported noncompliance. Nakia Burland admitted consuming methamphetamine and alcohol while frequenting undesirable locations in the community. The offender expressed remorse and concern over his downward spiral during the past several months. In elaborating, the offender indicated he is struggling to cope with decisions that have negatively impacted his life. Specifically, Mr. Burland expressed deep concern over unresolved issues with co-defendants relative to his involvement in the instant offense. He also stated that he is extremely frustrated with his current employment. He described his status as tenuous at best. The undersigned officer advised the offender he should tell his employer that intervention is needed to address his ongoing substance abuse problems. The offender adamantly disagreed and stated that he would prefer to avoid acknowledging any problems with illicit substances to his employer.

It is the undersigned officer's opinion that Mr. Burland is close to becoming involved in illicit activities if action is not initiated. That said, the offender suggested that resources be made available for him to participate in mental health counseling. The Court may recall, the offender has a long-standing history with drugs and alcohol. In November 2005, he was arrested for driving while under the influence. The Court was notified and imposed additional special conditions to address his behavior.

As an intermediate sanction, Nakia Burland was directed to abstain from consuming alcohol and illicit drugs while under supervision. Mr. Burland was instructed to resume participation in substance abuse counseling and random urinalysis testing. A referral for mental health counseling will be initiated if the Court concurs with the undersigned's recommendation.

Although, Nakia Burland continues to struggle with adjustment issues; it is believed that he will benefit from residing at a residential reentry center (RRC) in order to provide stable living quarters, employment assistance, and a clean and sober environment. Mr. Burland was asked if he would waive his right to a hearing and agree to the modifications as outlined. As indicated by the enclosed waiver of hearing to modify conditions of supervised release form, Mr. Burland has agreed to the proposed modifications. It is respectfully recommended that the attached waiver of hearing to modify conditions of supervision be adapted requiring Nakia Burland to participate in mental health counseling and reside at a RRC for a period up to 120 days.

Your Honor, it is again hoped that the intermediate sanctions imposed meet your expectations. The undersigned officer is convinced the offender is amenable to treatment efforts. However, in the event you choose to have a warrant or summons issued, please advise and the undersigned will prepare the appropriate petition and present it for your signature.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 8-26-09

Tommy Rosser
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[✓] The Modification of Conditions as Noted Above
[ ] Other

_____
Signature of Judicial Officer

8/31/2009
Date

⹁PROB 49
(3/89)

# United States District Court

### Eastern District of Washington

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To modify the conditions of supervision as follows:

19    You shall reside in a residential reentry center for a period of up to 120 days. This placement may include a prerelease component, day reporting, and home confinement (with or without electronic monitoring, but not to include GPS) at the directions of the CCM and USPO. You shall abide by the rules and requirements of the facility. You shall remain at the facility until discharged by the Court.

20    You shall complete a mental health evaluation and follow any treatment recommendations. You shall allow reciprocal release of information between the supervising probation officer and treatment provider. You shall contribute to the cost of treatment according to your ability.

Witness: _____    Signed: _____
            Tommy Rosser                             Nakia Shane Burland
        U.S. Probation Officer                      Probationer or Supervised Releasee

                                        8/25/09
                                          Date